MOORE and another *v.* LAWRENCE and others.*

(*Circuit Court, N. D. Texas.* January, 1883.)

1. COTTON FACTOR—CONTRACT FOR RECEIVING AND SELLING COTTON.
> When defendants make a contract that *all* their shipments of cotton to a certain place during the season shall be made to plaintiffs, and that said shipments shall amount to at least 200 bales, the contract is not fulfilled by the shipment of 200 bales to plaintiffs, and plaintiffs are entitled to recover commissions upon all other shipments of cotton made by defendants to that place during the season.

2. SAME—COMMISSIONS.
> Such commissions allowed should be the full commissions; it appearing that plaintiff's main expenses were in skill, experience, and judgment previously acquired, and that all other expense was nominal.

On Rule for a New Trial.

*Wellborne, Leake & Henry,* for plaintiffs.

*Crawford & Smith,* for defendants.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

PARDEE, J. Two questions only, presented by this motion, are to be considered: (1) Were the plaintiffs entitled to the commissions on all the cotton shipped by defendants to New Orleans during the season of '80 and '81, or only on 200 bales? (2) Should the commission allowed be the full commission, or the usual commission, less the actual expense of selling?

The first question seems to be answered by the terms of the contract between the parties. The contract is fully shown by the proposition of plaintiffs in their letter of April 26, 1880, and defendants' acceptance in their letter of May 14, 1880. This last letter, in accepting the proposition of plaintiffs, recites it as follows:

"Line Cr. to amt. 2,500$ to be covered by shipments cotton, October 1, 1880, provided can get it thro, and that all shipments made to N. O. during season be made to your house, and that will make you, during the season, shipments of at least 200 B. C., and upon this contract we will S. D. to you for amt. as we need it at once," etc.

By this, defendants contracted that all their shipments made to New Orleans during the season should be made to plaintiffs; and further, that their shipments should amount to at least 200 bales. This agreement, on this point, is plain and unambiguous, needs no construction, and cannot be affected by any usage or custom. As made, it is certain and lawful, and makes the law between the parties.

The rule of damages for the non-compliance of the defendants, in not shipping all their New Orleans cotton for the season to plaintiffs, undoubtedly is the commission which plaintiffs would have earned in handling the cotton. If all had been shipped to plaintiffs, they would have earned commission on all. As more than 200 bales were shipped, as found by the jury and conceded by the parties, the provision in the contract that defendants should ship at least 200 bales, was complied with, and now this provision has no more to do with the case than if it had not been inserted in the contract at all.

The second question argued, it seems, should be answered in favor of the defendants. The damages suffered by the plaintiffs could only have been what they would have profited by handling the cotton; that is, what they would have received for the handling, less their expenses in handling. But the evidence submitted on this point is very meager. So far as the evidence in this case shows, the commissions of a cotton factor are all profit, or rather earnings for attention, skill, and judgment. So far as the testimony of plaintiffs goes in the matter of the cotton not handled for defendants, their earnings are so much less as the full commission on the cotton, and

their expenses were the same as if they had handled the cotton; and, within certain limits, it is easy to see how this may be.

When a cotton factor has an office and force of clerks, his expenses may be as heavy to do a small business as to do one up to the full capacity of his force. The services of a cotton factor are very similar to those required of professional men, where skill, experience, and judgment form so large an element of the value that mere clerical work becomes next to nominal. The jury in their verdict seem to have followed the evidence on this point, and there is no reason to disturb their finding.

Substantial justice has been done between the parties, and it is vain to consider what would have resulted had the facts been different.

The motion for new trial is overruled.

McCORMICK, J., concurred.